DIXON, Judge.
This suit is by three daughters of Joseph Obie Wood, deceased, and against five sons, a daughter, and the widow of the decedent, to have certain conveyances of real property set aside as simulations. There was judgment in the trial court, in a well-reasoned written opinion, sustaining an exception of no cause of action as to one tract containing 120 acres, setting aside the instruments conveying two tracts of forty acres each, as prayed for by the plaintiffs, and rejecting the plaintiffs’ demands as to one 40-acre tract. These three 40-acre tracts constituted one parcel of land called by the parties the J. O. Wood Home Place. The other parcel of land, also containing 120 acres, was referred to by the parties as the Beulah Wood land. The defendants appeal from the following portion of the judgment:
“There be judgment herein in favor of the plaintiffs and against the defendants decreeing that certain deed dated December 13, 1952, from J. O. Wood to Wilson Wood purporting to convey the SE/4 of NE/4 of Sec. 28, Twp. 15 N., R. 7 W-, Bienville Parish, Louisiana, as recorded in Conveyance Book 257, Page 163 of the Conveyance Records of Bienville Parish, Louisiana, and that certain deed dated December 13, 1952, from J. O. Wood to Wyatt J. Wood purporting to convey the NE/4 of NE/4 of Sec. 28, Twp. 15 N., R. 7 W., Bienville Parish, Louisiana, as recorded in Conveyance Book 257, Page 164 of the Conveyance Records of Bienville Parish, Louisiana, to be null and void, without force and effect and the deeds to be cancelled and erased from the Conveyance Records of Bienville Parish, Louisiana; * *
The plaintiffs answered the appeal seeking a reversal of the following portion of the judgment:
“There be judgment herein in favor of defendants and against plaintiffs rejecting their demands pertaining to the SW/4 of NE/4 of Sec. 28, Twp. 15 N., R. 7 W., Bienville Parish, Louisiana; h= * *»
*222 The evidence abundantly proved that J. O. Wood remained in continuous physical possession of the 120 acres in the J. O. Wood Home Place until his death in 1953. After that, up to the time of trial, possession was continued and the family home was occupied by the widow and defendant, Ludie Pearl Southern Wood.
The Civil Code provisions involved are:
“Art. 2239. * * *; but forced heirs shall have the same right to annul absolutely and by parol evidence the simulated contracts of those from whom they inherit, and shall not be restricted to the legitimate (legitime).”
“Art. 2480. In all cases where the thing sold remains in the possession of the seller, because he has reserved to himself the usufruct, or retains possession by a precarious title, there is reason to presume that the sale is simulated, and with respect to third persons, the parties must produce proof that they are acting in’ good faith, and establish the reality of the sale.”
Appellants rely on the principle that:
“Actions by forced heirs to undo transactions of their ancestors as done in fraud of their rights, can only succeed where the proof adduced in support thereof is convincing and not irreconcilable.”
Spiers v. Davidson, La.App., 135 So.2d 540, 545 (1961).
However, the Spiers case, supra, was not concerned with the provisions of C.C. Art. 2480; there was no contention in the Spiers case that the vendor had remained in possession of the property transferred.
In the instant case, two of the instruments sought to be annulled were executed on December 13, 1952. They were not recorded until September 11, 1963, on which date there was also recorded a “notarial ratification” of these instruments by Mrs. Ludie Pearl Wood. The consideration expressed in the instruments of December 13, 1952 was $400 for each 40-acre tract.
These instruments remained in possession of one of the vendees for nearly eleven years; their sisters testified that they were not aware of their existence until after the sale of some timber from the Home Place a short time before the filing of this suit. The brothers and the mother testified that the deeds had been withheld from the public records intentionally, so that the parents might use the land to obtain money by sale or mortgage if they needed it. The mother of the plaintiffs testified that it was the intention of the decedent to give his daughters a start when they married by providing them with some livestock, but that it was up to the husbands of the girls to provide for them thereafter. Each one of the decedent’s sons had a 40-acre tract of land either standing in his name or deeded to him upon the death of the father.
Civil Code Article 2480 requires that, when possession remains with the seller, the parties must “produce proof that they are acting in good faith, and establish the reality of the sale.” The only evidence tending to establish the reality of the “sales” of December 13th is the testimony of the two “vendees” that they paid $400 cash for the property. Since they did not exercise any dominion over the property, and admitted that it was their intention to leave the property in such condition that their parents could deal with it as they chose, we must agree with the trial court in its conclusion that the defendants have failed to produce sufficient evidence “to establish the reality of the sale.”
As to the 40-acre tract which stands in the name of Gentry Wood: There was a cash deed dated October 4, 1938 purporting to convey the property from J. O. Wood to Gentry Wood. This deed was recorded the same day. On November 10, 1943, Gentry Wood executed a cash deed covering this 40-acre tract, conveying the property to Wilson Wood, a mi *223 nor. This instrument was recorded on the same day that it was executed. On the 17th day .of November, 1943, there was a cash deed from Wilson Wood back to Gentry Wood of the same property.
Gentry Wood did not testify on the trial of the case, and there is no evidence, except for the deed, that the recited consideration was paid. The evidence reflects that Gentry Wood never exercised any possession nor any right of ownership of the property conveyed to him.
There is no explanation of the conveyance from J. O. Wood to Gentry, from Gentry to Wilson, and from Wilson back to Gentry. J. O. Wood retained the possession of this 40-acre tract until his death, as did his widow afterward. The presumption of simulation having arisen, and no evidence having been produced to establish the good faith of the parties and the reality of the sale (C.C. Art. 2480), this transaction must also be declared a simulation.
Accordingly, the judgment appealed from is affirmed, except for that portion affecting the SW/4 of the NE/4 of Section 28, Township IS North, Range 7 West, Bienville Parish, Louisiana, which part of the judgment is now reversed; and judgment is rendered in favor of the plaintiffs and against the defendants declaring that certain instrument dated October 4, 1938 from J. O. Wood to Gentry Wood, recorded in Book 125, page 578 of the Conveyance Records of Bienville Parish to be null and void, without force and effect, and ordering the same to be canceled and erased from the Conveyance Records of Bienville Parish, Louisiana, at the cost of defendants-appellants.
PER CURIAM
In their application for rehearing, defendants-appellants complain of the finding that the conveyance to Gentry (Jentry) Wood of the SW/4 of NE/4 of Section 28 was a simulation. The Court’s opinion states that “There is no evidence, except for the deed, that the recited consideration was paid.” However, there was other testimony with reference to the consideration, stated to be $200 in the deed. The defendant Ludie Pearl Southern Wood, the widow of J. O. Wood and the mother of his children, did testify that she saw Jentry actually pay her husband $200 in money. There was also testimony that Jentry at one time occupied a house located on the forty acre tract that had been deeded to him. The record does not reflect the conditions of the occupancy nor its date. From all the evidence, the record is clear that J. O. Wood and his widow never relinquished possession of the forty acre tract deeded to Jentry, and that the sale to him was a simulation.
The application for rehearing is denied.